UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANA RICKETTS,

    Plaintiff,

v.                                                       Case No. 3:25-cv-782-MMH-PDB

BAKER COUNTY SHERIFF
and IMMIGRATION CUSTOM
ENFORCEMENT,

    Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff, Dana Ricketts, who is currently being held by Immigration and Customs Enforcement (ICE) in Louisiana, is proceeding on a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1; Complaint). She also filed a request to proceed as a pauper (Docs. 2, 3). In the Complaint, Ricketts names two Defendants: (1) either the Baker County Sheriff or the Baker County Sheriff Facility;[1] and (2) ICE. Ricketts alleges that between February 22, 2024, and March 17, 2025, while in ICE's custody at the Baker County Jail, she suffered "medical neglect" because she was not provided with hormone therapy. Id. at

---

[1] In the caption of the Complaint, Ricketts lists "Baker County Sheriff," but in the description of the parties, she lists "Baker County Sheriff Facility." Complaint at 1, 2.

3-4. She asserts that she suffered "vaginal closing due to not dilateing [sic]" because she "was not given the care [she] was suppose[d] to" receive. Id. at 5. She seeks $700,000 in damages. Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v.

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (alternation and internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 679. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Ricketts's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

4

liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Here, Ricketts's Complaint is due to be dismissed under this Court's screening obligation. Insofar as Ricketts sues the Baker County Sheriff Facility, state law determines whether a party has the capacity to be sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Florida law has not established jail facilities as entities that are amenable to suit under § 1983. See, e.g., Maldonado v. Baker Cnty. Sheriff's Off., 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021) ("[A] sheriff's office, jail, or detention center is not an entity subject to suit under Florida law."). Therefore, Ricketts fails to state a claim against the Baker County Sheriff Facility.

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

To the extent she sues the Baker County Sheriff, she likewise fails to state a claim. First, Ricketts fails to allege that any custom, policy, or practice was the "moving force" behind any alleged constitutional violation. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978); see McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Thus, she has not stated an official capacity claim against the Sheriff. Second, the Sheriff cannot be held liable in his individual capacity simply due to his supervisory position. Indeed, "[s]upervisory officials are not vicariously liable under section 1983 for the unconstitutional acts of their subordinates." Ingram v. Kubik, 30 F.4th 1241, 1254 (11th Cir. 2022); see Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Such an official can only be held liable if he "'personally participates in the alleged unconstitutional conduct' or 'there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation.'" Smith v. Deal, 760 F. App'x 972, 975 (11th Cir. 2019) (quoting Cottone, 326 F.3d at 1360).

> There are three ways to establish a causal connection between a supervisor's actions and the unlawful conduct: 1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; 2) "when a supervisor's custom or policy results in deliberate indifference to constitutional rights"; or 3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone, 326 F.3d at 1360 (citations and quotations omitted). "The deprivations

> that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quotations omitted). This "standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Keith v. DeKalb Cnty., Ga., 749 F.3d 1034, 1048 (11th Cir. 2014).

Dickinson v. Cochran, 833 F. App'x 268, 272 (11th Cir. 2020). Ricketts provides no facts suggesting that the Sheriff was personally involved in the alleged denial of her medical care or that there was a causal connection between any action or inaction of the Sheriff and a violation of Ricketts's rights. Therefore, insofar as Ricketts is attempting to hold the Sheriff liable in his individual capacity, she fails to state a plausible claim for relief.

With respect to ICE, Ricketts's claim cannot proceed under § 1983 because ICE is a federal agency. Instead, her claim against ICE would proceed under Bivens.[4] See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) ("The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials."). However, "a plaintiff may not bring a Bivens action against a federal agency or a federal officer acting in his official capacity." Gonzales-Corrales v. I.C.E., 522 F. App'x 619, 623 (11th Cir. 2013); see F.D.I.C.

---

[4] Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

7

v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); see also Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71 (2001) (recognizing that Bivens is "concerned solely with deterring the unconstitutional acts of individual officers"); Sharma v. Drug Enf't Agency, 511 F. App'x 898, 901 (11th Cir. 2013) ("Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities."). Ricketts did not sue any federal officials in their individual capacities. Thus, Ricketts's claim against ICE is due to be dismissed.

In light of the foregoing, this case will be dismissed without prejudice for Ricketts's failure to state a claim. Ricketts may refile her claims with factual allegations sufficient to support a claim for relief if she elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

    2.    The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

    3.    The **Clerk of Court** shall send Ricketts a civil rights complaint form and an application to proceed in forma pauperis (prisoner filings) form. If Ricketts chooses to refile her claims, she may complete and file the appropriate forms. She should not include this case number on any form, as the Clerk will assign a new case number upon receipt. In initiating such a case, Ricketts should either file a fully completed application to proceed in forma pauperis or pay the $405 filing fee.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of September, 2025.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

JAX-3 9/15
c:
Dana Ricketts, #042-464-279